WENDY J. OLSON, IDAHO STATE BAR 7634
UNITED STATES ATTORNEY
JAMES M. PETERS, WASHINGTON STATE BAR NO. 7295
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
800 PARK BLVD., SUITE 600
BOISE, IDAHO  83712
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 10-00270-S-BLW |
| Plaintiff, | |
| vs. | UNOPPOSED JOINT PETITION TO REMIT RESTITUTION |
| RANDALL DEE RASBAND, | |
| Defendant. | |

The United States of America, by and through Wendy J. Olson, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, and the Defendant, pursuant to 18 U.S.C. § 3573 jointly request that in the interests of justice this Court remit the fine ordered in this case and as grounds therefor state:

1.  18 U.S.C. § 3572(4) states that in ordering a fine a Court shall consider "whether restitution is ordered or made and the amount of such restitution." In this case, the Court ordered a $7,500 fine sua sponte at the time of sentencing. The matter of restitution was held over for a separate hearing. Thus, at the time of the imposition of the fine in this case the Court could not consider all the mandatory factors required for the determination of the fine.

2.  The parties and the victim, A.M., have not reached a resolution as to the amount of restitution to date. Without the relief herein requested, this matter will most likely not be

UNOPPOSED JOINT PETITION TO REMIT RESTITUTION  - 1

resolved prior to the April 20, 2011, hearing in this case. At the suggestion of James R. Marsh, counsel for the victim, the victim will agree to $7,500 of restitution, the amount of the fine. The Defendant has agreed to pay $7,500 in restitution instead of a fine. The Government agrees, thus avoiding the need for a testimonial hearing on restitution.

3. In order to conduct a restitution hearing, the Government would have to obtain an expert witness from the east coast, pay her costs to attend the hearing, burden the Bureau of Prisons with the transportation of the Defendant from his place of confinement (Lompoc, CA) to the hearing, and spend many hours in preparation for the hearing. By facilitating the proposed restitution resolution, the Government will save more money than it would get if the fine were paid, and the victim will benefit.

4. 18 U.S.C. § 3573 provides: "Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice–(1) remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties." In this case, efforts to collect a fine would not be "effective" because without remission, the Government will incur more expenses for the restitution than the fine itself. The interests of justice would not be served if the fine stands in the way of restitution.

Therefore, the Government and Defendant respectfully request that the judgment be amended to reflect that the $7,500 fine will be remitted to A.M., in care of her attorney James R. Marsh, as restitution.

Respectfully submitted this ___1___ day of April, 2011.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:

*James M. Peters*
JAMES M. PETERS
Assistant United States Attorney

UNOPPOSED JOINT PETITION TO REMIT RESTITUTION - 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April ___, 2011, the foregoing **Joint Petition to Remit Restitution** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

D.C. Carr          dc@dcarr.com

*Katherine J. Cotton*
Legal Assistant