# UNITED STATES DISTRICT COURT

District of _____ Idaho _____

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| RANDALL DEE RASBAND | Case Number: 1:10-CR-00270-001-BLW |
| | USM Number: 13720-023 |

**Date of Original Judgment:** 02/14/2011
(Or Date of Last Amended Judgment)

DC Carr
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
X Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

X pleaded guilty to count(s)  One of the Information
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 § 2252(a)(4)(B) | Possession of Sexually Explicit Images of Minors | 07/29/2008 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

04/06/2011
Date of Imposition of Judgment

_[signature]_
Signature of Judge

B. Lynn Winmill, United States District Judge
Name and Title of Judge

4-11-2011
Date

DEFENDANT: RANDALL DEE RASBAND
CASE NUMBER: 1:10-CR-00270-001-BLW

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term  Eighty four (84) months

Defendant shall submit to DNA collection while incarcerated by the Bureau of Prisons or, absent collection while imprisoned, then at the direction of the U.S. Probation Officer upon release.

X  The court makes the following recommendations to the Bureau of Prisons:
that the defendant be credited with all time served, and that the defendant be placed in a facility that offers sexual offender treatment programs and that the facility be located as close to the Southwest Idaho area as possible.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
  ☐  at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐  before 2 p.m. on _____ .
  ☐  as notified by the United States Marshal.
  ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Case 1:10-cr-00270-BLW Document 23 Filed 04/11/11 Page 3 of 7

Judgment—Page __3__ of __7__

DEFENDANT: RANDALL DEE RASBAND
CASE NUMBER: 1:10-CR-00270-001-BLW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   Ten (10) years

Court finds that the defendant does not pose a high risk of future substance abuse such that mandatory drug testing is waived pursuant to 18 U.S.C. § 3563(a)(5) or 18 U.S.C. § 3583(d).

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment on supervised release and to periodic drug tests thereafter, not to exceed a maximum number of 5 per month.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [X] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C   (Rev. 12/03) Amended Judgment in a Criminal Case
          Sheet 3C — Supervised Release                                          (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __7__

DEFENDANT:        RANDALL DEE RASBAND
CASE NUMBER:      1:10-CR-00270-001-BLW

## SPECIAL CONDITIONS OF SUPERVISION

1) The Defendant shall not unlawfully possess a controlled substance.

2) The Defendant shall submit nominal monthly payments of 10% of gross income, but not less than $25 per month, during the term of supervised release, towards any special assessment, fine, and restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. This payment schedule will be in effect unless further reviewed and modified by the Court. A review may take place at any time and will be based upon a change in the Defendant's financial circumstances. Payments to be made to Clerk of the Court, District of Idaho, 550 W. Fort St., Boise, ID 83724.

3) The Defendant shall provide the Probation Officer to access to any requested financial information.

4) The Defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the Defendant is in compliance with the installment payment schedule.

5) The Defendant shall abstain from the use of drugs and alcohol and shall not be present in any location where alcohol is the primary item of sale.

6) The Defendant shall participate in a program of mental health treatment, as directed by the Probation Officer, until such time as the Defendant is released from the program by the Probation Officer. The cost of treatment shall be paid by both the Government and the Defendant in monthly payments as arranged by the Probation Officer.

7) The Defendant shall submit to a search of his person, place of residence, automobile, as well as any objects or materials including computer systems and other types of electronic storage media devices, with the assistance of other law enforcement personnel as directed by the Probation Officer, at a reasonable time and in a reasonable manner, based on reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The Defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

8) The Defendant may not have direct or indirect contact with children under the age of eighteen, unless approved in advance by his Probation Officer.

9) The Defendant shall not have unsupervised contact with children under the age of eighteen without the approval of the Probation Officer and only in the company of an adult approved by the Probation Officer and treatment provider who is trained to serve as a chaperone for sexual offenders.

10) The Defendant shall not reside or loiter within 100 yards of schoolyards, parks, playgrounds, arcades or other places primarily used by children under the age of eighteen.

11) The Defendant may not engage in any paid occupation, vocation, volunteer services, or calling that exposes him either directly or indirectly to minors, unless approved in advance, in writing, by the Probation Officer.

12) The Defendant will not possess any obscenity, or sexually explicit or nudist visual material involving minors or persons who appear to be minors, nor shall he knowingly patronize any place where such material or entertainment is available.

13) The Defendant shall not posses any written text material describing sex with minors, except that which may be necessary to complete sex offender treatment and to prepare collateral challenges to aspects of the Defendant's case and/or sentence.

| | |
|---|---|
| AO 245C  (Rev. 12/03) Amended Judgment in a Criminal Case<br>Sheet 4B — Probation | (NOTE: Identify Changes with Asterisks (*)) |

Judgment—Page  5  of  7

DEFENDANT:        RANDALL DEE RASBAND
CASE NUMBER:   1:10-CR-00270-001-BLW

## ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION

14) The Defendant shall not possess or use a computer, except, if it becomes necessary for purposes of employment or school and he must obtain prior permission, in writing, from his Probation Officer, and in any case he may not use a computer or other device connected to the Internet unless his use of the Internet can be restricted to computers or other devices that have been equipped to monitor and log his Internet activity and make regular reports to the Probation Officer and therapist.

15) The Defendant's use of the internet is restricted to computers and other devices capable of accessing the internet that have been equipped to monitor and log internet activity. The Defendant shall consent to having any hardware or software system or program installed on the Defendant's computer to monitor computer use and to make regular reports to the Probation Officer. The Defendant will warn other occupants/users of the existence of the monitoring equipment/programs placed on the computer.

16) The Defendant shall participate, at the direction of the Probation Officer, in an evaluation for sexual deviancy by a qualified mental health professional who is experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers. The Defendant agrees to waive any right to confidentiality and allow the treatment provider to supply a written report to the United States Probation Office.

17) The Defendant will successfully complete any course of treatment related to his offense, at the direction of the Probation Officer, including but not limited to cognitive and behavioral treatment for sexual deviancy by a qualified mental health professional.

18) The Defendant shall participate in polygraph testing at the direction of the Probation Officer and/or treatment provider to monitor compliance with supervised release and treatment conditions.

19) The Defendant shall register as a sex offender within three days of being released from incarceration in any state where the Defendant resides, is employed, carries on a vocation, or is a student.

Special conditions of supervised release shall supersede any standard condition that is inconsistent with the special conditions.

DEFENDANT: RANDALL DEE RASBAND
CASE NUMBER: 1:10-CR-00270-001-BLW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ **0.00** | $ **7,500.00** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| A.M.<br>c/o James R. Marsh |  | $7,500.00 |  |
| **TOTALS** | $ | $ 7,500.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    X the interest requirement is waived for ☐ fine X restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 12/03) Amended Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page  7  of  7

DEFENDANT:     RANDALL DEE RASBAND
CASE NUMBER:   1:10-CR-00270-001-BLW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X  Special instructions regarding the payment of criminal monetary penalties:

   **$100.00 special assessment and $7,500.00 restitution are due immediately. Payments to be made to Clerk of the Court, District of Idaho, 550 W. Fort St., Boise, ID 83724. Defendant shall submit nominal payments of not less than $25 per quarter while incarcerated through the Inmate Financial Responsibility Program. The Defendant shall submit nominal monthly payments of 10% of gross income, but not less than $25 per month, during the term of supervised release, towards any special assessment and restitution that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. Clerk shall disburse restitution payments to the victim.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States: Sony Cybershot Camera; CD labeled "Spycam"; 99 optical discs (CD's or DVD's); 2 View Sonic Monitors; a black generic tower computer with a Microsoft XP Professional sticker, product key number RWXT9-W4YMD-6JV37-G9MXQ-3VRDT; 1 printed photograph depicting child pornography; Computer peripherals, Printed images of Anime (Obscene Japanese cartoon pornography); 36 zip discs; and 3 inch disc.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.